## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MINDY ARNSWALD, individually, and on behalf of L.R.V. and E.R.A., minors,　) ) ) | |
| Plaintiffs,　) ) | |
| v.　) ) | Case No. CIV-20-598-SLP |
| KAY COUNTY OKLAHOMA HOSPITAL COMPANY, L.L.C., d/b/a ALLIANCE HEALTH PONCA CITY, f/k/a PONCA CITY MEDICAL CENTER,　) ) ) ) ) | |
| Defendant.　) | |

## **O R D E R**

This matter is before the Court on the issue of subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Specifically, the Court addresses the diversity-of-citizenship requirement. *Id*., § 1332(a)(1).

For the reasons that follow the Court finds a jurisdictional defect exists based on the citizenship of the minor Plaintiffs, L.R.V. and E.R.A. The Court further finds that the minor Plaintiffs are dispensable parties, *see* Fed. R. Civ. P. 19(b), and, therefore, drops the minor Plaintiffs from this action, *see* Fed. R. Civ. P. 21.

## I.   <u>Factual Background / Procedural History</u>

Plaintiffs previously pursued this action in Oklahoma state court.[1]   Plaintiffs dismissed the state court action on January 6, 2020.   Under Oklahoma's savings statute, Plaintiff, Mindy Arnswald (Ms. Arnswald), had one year within which to refile the action. *See* Okla. Stat. tit. 12, § 100; *see also* Compl. [Doc. No. 1], ¶¶ 26-30.  Plaintiffs filed this federal lawsuit on June 23, 2020 within the one-year period.   Ms. Arnswald brings this action on behalf of herself, individually, and on behalf of L.R.V. and E.R.A., minors.[2]  The Complaint alleges that all three Plaintiffs are citizens of the State of Colorado.  *See* Compl., ¶¶ 1-2.

However, on May 3, 2021, the parties submitted their Final Pretrial Report [Doc. No. 44].   Under the section of the Final Pretrial Report headed **<u>JURISDICTION</u>** the parties stated the following:

> Under 28 U.S.C. § 1332, this Court has original jurisdiction based on complete diversity of citizenship and the amount in controversy exceeds $75,000.00.  ***Plaintiff is a citizen of the State of Kansas*** and Defendant is domiciled and has its principal place of business in Oklahoma. ***
>
> *** ***Defendant disputes this statement as Ms. Arnswald has failed to present any evidence that she is a citizen of Kansas, and both of her children reside in Oklahoma***.

*See* Final Pretrial Report, ¶ 2 (emphasis added).

---

[1] *See Arnswald v. Kay County Hospital Company, L.L.C*., Case No. CJ-2017-69, District Court of Kay County, State of Oklahoma, available at www.oscn.net. The Court takes judicial notice of the docket in the state court action.

[2] The state court action named as Plaintiffs: Mindy Arnswald, individually and Timothy Arnswald, individually, and on behalf of L.R.V. and E.R.A., minors.  Timothy Arnswald is not a party to this action.

Additionally, under the section of the Final Pretrial Report headed **STIPULATED**

**FACTS**, the parties stated the following:

> C. 1.   Plaintiff, Mindy Arnswald, is a citizen of the State of Kansas.
> ***Defendant states that this is unknown as Ms. Arnswald was ***residing*** in
> Colorado when she filed this suit in federal court, and ***her vehicle is currently
> registered in Oklahoma***.

*See id*., ¶ 3(C)(1) (emphasis added).  The statements set forth in the Final Pretrial Report

prompted the Court to make further inquiry of the jurisdictional issue, as more fully set

forth below.

## II.   Diversity Jurisdiction

Diversity jurisdiction under 28 U.S.C. § 1332 exists "only if no plaintiff and no

defendant are citizens of the same state – that is, there must be complete diversity between

all plaintiffs and all defendants."  *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir.

2014) (quotations omitted).  "[T]he relevant time period for determining complete diversity

of citizenship is the time of the filing of the complaint."  *Siloam Springs Hotel, L.L.C. v.

Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015).

Plaintiffs alleged in the Complaint that they were citizens of the State of Colorado.

Because diversity of citizenship is determined at the time of the filing of the complaint, it

is unclear to the Court why then, when the parties submitted the Final Pretrial Report, Ms.

Arnswald stated that she was a citizen of the State of Kansas *and did not address her

citizenship at the time of the filing of the Complaint*.  Also of concern to the Court was the

omission from the Final Pretrial Report of any statement by Plaintiffs regarding the

citizenship of the minor children.  The Court was further perplexed by Defendant's

statement in the Final Pretrial Report that Ms. Arnswald was *residing* in Colorado when she filed this suit in federal court.   Citizenship for purposes of diversity jurisdiction, is based on domicile of the parties.  *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). An individual's residence is not equivalent to his domicile.  *Siloam Springs*, 781 F.3d at 1238.

To this end, the Court finds the parties' statements in the Final Pretrial Report were clearly purposeful.  *See, e.g., Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) (noting that the preparation of a pretrial order "requires careful attention and review by the parties and their attorneys" because the pretrial order "is treated as superseding the pleadings").  As submitted, the Final Pretrial Report fails to demonstrate the requisite diversity of citizenship at the time of filing the Complaint as to either Mindy Arnswald or the minor children.  *See Hung Duc Bui v. IBP, Inc*., 201 F.R.D. 509, 512 (D. Kan. 2001) ("The burden rests on counsel . . . to assure that the pretrial order accurately reflects [the parties'] respective positions regarding th[e] court's jurisdiction, facts, legal theories, and other matters included therein.")

Based on the statements included in the Final Pretrial Report, at the Pretrial Conference conducted on May 26, 2021, the Court inquired of Defendant whether the citizenship of the Plaintiffs was in dispute for purposes of diversity of citizenship. Defendant's counsel appeared to challenge whether the minor children were, in fact, citizens of Oklahoma but then advised the Court that Defendant was not challenging subject matter jurisdiction.  Plaintiffs' counsel made no representations regarding this issue at the pretrial conference.

Thereafter, the Court deemed it necessary to conduct an evidentiary hearing with respect to the citizenship of the Plaintiffs, and in particular, the minor children.  The Court so advised the parties by telephonic conference conducted on June 2, 2021 and set the matter for an evidentiary hearing on June 4, 2021.

In the interim, on June 3, 2021, the parties filed a Joint Stipulation of Dismissal of Minor Plaintiffs Only [Doc. No. 77] pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.  The Court proceeded with the evidentiary hearing as scheduled.  *See* Transcript of Proceedings, June 4, 2021 [Doc. No. 83] (Tr.).  Prior to presenting any evidence, Plaintiffs' counsel advised the Court that when the issue about jurisdiction came up, they "believed there might be a question about it" and to "*avoid this issue altogether*" the parties filed the Joint Stipulation of Dismissal. Tr. 5 (emphasis added).[3]  Plaintiffs then presented evidence with respect to the citizenship of Ms. Arnswald.

Following the hearing, the Court directed the parties to file briefs to address whether the jurisdictional issue could be properly resolved through a Rule 41 stipulation of dismissal and if not, to address "other applicable rules and/or case law which demonstrates the jurisdictional defect can be remedied."  *See* Order [Doc. No. 80].  The parties have now submitted their respective briefs.  *See* Defendant's Brief on Diversity Jurisdiction [Doc.

---

[3] Although Plaintiffs' counsel purported to "avoid" the jurisdictional issue, "'[s]ubject-matter jurisdiction can never be waived or forfeited.'"  *Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 758 (10th Cir. 2021) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)); *see also Hung Duc Bui*, 201 F.R.D. at 513 ("[J]urisdiction cannot be conferred on th[e] court by consent, inaction or by stipulation[.]" (citations omitted)).

No. 81] and Supplemental Brief of Plaintiff Regarding Dismissal of Minor Plaintiffs [Doc. No. 82].

### III.    <u>Citizenship of Plaintiffs</u>

Citizenship is determined based on a "totality of the evidence." *Stucky ex rel. Stucky v. Bates*, 2 F. Supp. 2d 1434, 1437 (D. Kan. 1998). Significant factors for a court to weigh when ascertaining domicile include: "the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity." *See, e.g., Charles Alan Wright et al., Federal Practice and Procedure* § 36112 at 536-41 (3d ed. 2009); *see also Middleton* 749 F.3d at 1201 (citing *Wright* and listing these factors). An individual's statement about where he lives is not enough; what he does is equally as important. *See Crowley*, 710 F.2d at 678; *see also Walden v. Broce Constr. Co*., 357 F.2d 242, 245 (10th Cir. 1966) ("Mere mental fixing of citizenship is not sufficient. What is in another man's mind must be determined by what he does as well has what he says."). To establish domicile, a party must have physical presence in a location and an intent to remain there indefinitely. *Middleton*, 749 F.3d at 1200; *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

### A.    Mindy Arnswald

Ms. Arnswald testified she moved from Oklahoma to Colorado in August 2019.  Tr. 8.[4]  She further testified that she intended to remain in Colorado "indefinitely" at the time of her move.  *Id*.

Ms. Arnswald admitted as evidence of her Colorado domicile a one-year lease agreement entered in October 2019, approximately seven months prior to the filing of this action.  Tr. 10-11.  The lease term was from November 2019 to November 2020.  The lease agreement was for a single-family residence and was co-signed by Ms. Arnswald's grandfather, Lloyd Cantrell.  *Id*. at 10.  Ms. Arnswald testified that Mr. Cantrell lives in Oklahoma.  *Id*.  Ms. Arnswald testified she lived in the leased residence for "almost a full year."  Tr. 11.

Ms. Arnswald also admitted into evidence certain medical bills for three doctor visits spanning the time frame March 24, 2020 through September 18, 2020.[5]  And Ms. Arnswald admitted into evidence her 2019 and 2020 federal and state tax filings.    For 2019, Ms. Arnswald's tax filings show she paid taxes in both the State of Oklahoma and the State of Colorado.  For 2020, Ms. Arnswald's tax filings show she paid taxes in both the State of Colorado and the State of Kansas.  Ms. Arnswald testified that she held two

---

[4]There does not appear to be any dispute between the parties that prior to Ms. Arnswald moving to Colorado, all three Plaintiffs were domiciled in Oklahoma.

[5] Two of the doctor visits occurred prior to the filing of the Complaint and the third doctor visit occurred after the filing of the Complaint.

different jobs in Colorado, but she did not provide any specific dates of employment.  Tr. 12.

Ms. Arnswald also testified that she left Colorado because her grandparents, who live in Oklahoma, "weren't doing great."  Tr. 13.  She testified she moved to Wichita, Kansas to be closer to them.  *Id*.  She is not employed in Kansas.  Tr. 13.  She lives with a man she "grew up" with and watches his dog for him when he travels "in exchange for room and board."  Tr. 16-17.  She does not have any contractual relationship regarding her current living arrangements.  Tr. 17.

When asked how frequently she is in Oklahoma, Ms. Arnswald testified that every weekend, or every other weekend, she drives her minor child E.R.A. to Oklahoma to see his father.  Tr. 15.[6]  Ms. Arnswald testified she does not stay in Oklahoma but makes a round trip on Fridays to drop him off and on Sundays to pick him up.  *Id*.  Although not abundantly clear from the record, it appears E.R.A. formerly attended school in Oklahoma, but will be attending school as a third grader in Wichita in the fall of 2021. Tr. 14-15.

Plaintiff does not have any formal custody agreement as to her other minor child, L.R.V.  Tr. 14.  He is twelve years old, lives with his father in Oklahoma, and attends school in Oklahoma.  *Id*.

Ms. Arnswald currently has a Kansas driver's license.  Tr. 16.  Her vehicle continues to be registered in Oklahoma.  *Id*.  She has no personal property in Oklahoma.  *Id*.

---

[6] Ms. Arnswald has full custody of  E.R.A.  Tr. 14-15.

As stated, there is no dispute that Ms. Arnswald had been domiciled in Oklahoma prior to her move to Colorado in August 2019.  And there is no dispute that she was a resident of Colorado at the time she filed this action.  The issue is whether Ms. Arnswald had changed her domicile to Colorado at that time.

As set forth, Ms. Arnswald testified that she intended to remain in Colorado indefinitely when she moved there.  This testimony is self-serving.  Moreover, the record demonstrates that Ms. Arnswald has been less than forthright with respect to her diversity allegations.

Otherwise, there is a dearth of information concerning domicile at the time of the filing of the Complaint.  Ms. Arnswald had co-signed a one-year lease for a residence in Colorado, she had a job in Colorado, and she had seen a doctor in Colorado on a few occasions.[7]

But no evidence suggests she intended to remain in Oklahoma.  At most, the record shows strong familial ties to Oklahoma (her grandparents and at least one minor child live there).  Although her vehicle continues to be registered in the State of Oklahoma, she testified  that she has no personal property there.  And she did not pay taxes in Oklahoma after 2019.

The Court finds minimally sufficient facts to establish that Colorado was Ms. Arnswald's domicile at the time this action was filed.  *See, e.g., Tallchief v. Haden*, No.

---

[7] Ms. Arnswald's subsequent move to Kansas is not determinative.  "Any changes in domicile subsequent to the filing of the lawsuit are irrelevant to determining diversity."  *Pride v. Kansas Highway Patrol*, 793 F. Supp. 279, 283 (D. Kan. 1992).

12-1093-KGG, 2013 WL 2102885 at *4 (D. Kan. May 15, 2013) (unpublished op.) ("A change of domicile is valid even if done for the purpose of creating diversity, and no minimum period of residence is required." (citations omitted)); *see also Crowley*, 710 F.2d at 678 (recognizing that "[a] floating intention to return to a former domicile does not prevent the acquisition of a new domicile").   In reaching this conclusion, the Court underscores that at the evidentiary hearing and in its jurisdictional briefing submission, Defendant has not challenged Ms. Arnswald's domicile as being in Colorado, notwithstanding Defendant's statement in the Final Pretrial Report that Ms. Arnswald merely resided in Colorado.

Having concluded that diversity of citizenship exists between Mindy Arnswald and Defendant, the Court turns its attention to the citizenship of the minor children and the parties' purported dismissal of the minor children from this lawsuit as a means to cure any jurisdictional defect related thereto.

### B.    Minors L.R.V. and E.R.A.

"[T]he domicile of a minor child for diversity purposes must be determined by reference to the citizenship of some other person because an infant is not capable of forming the requisite intent to establish independent citizenship." *Wilson ex rel. Wilson v. Kimble*, 573 F. Supp. 501, 503 (D. Colo. 1983).  "The domicile of a divorced parent who is granted custody of a child generally determines the domicile of that child." *Oltremari v. Kansas Soc. & Rehabilitative Serv.*, 871 F. Supp. 1331, 1334 (D. Kan. 1994).  "In cases of joint custody it is best to resolve domicile in favor of that state in which the infant primarily resides, at least where such residence is with one of the two parents." *Id.* at 1335.

10

The parties appear to concede that L.R.V. is domiciled in Oklahoma and, therefore, his continued presence in the lawsuit defeats diversity jurisdiction.[8]  On the limited record before the Court, the Court finds L.R.V. is a non-diverse plaintiff.[9]

## IV.   <u>Curing the Jurisdictional Defect</u>

The real issue before the Court is whether this jurisdictional defect can be cured. The parties have attempted to do so through a Joint Stipulation of Dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure.  But the parties' supplemental briefing directed to this issue fails to provide any authority to show that a *jurisdictional defect* can be remedied by way of a Rule 41 dismissal.  Instead, the parties merely cite authority that Rule 41 authorizes dismissal of all claims against a party.[10]

---

[8] As set forth, at the hearing Ms. Arnswald testified that there was no formal custody agreement with respect to L.R.V. but that he did "live with his dad" and that they had moved to Wyoming but that "didn't work out" so they were "moving back to Oklahoma." Tr. 14.  She testified that L.R.V. is twelve years old and that he attended school in Oklahoma in 2021.  Tr. 14.  Although none of this testimony specifically addresses L.R.V.'s domicile at the time the Complaint was filed, the reasonable inference to be drawn from this testimony is that L.R.V., who is in the custody of his father, has been domiciled in Oklahoma at all relevant times.  The Court draws this inference in light of the record as a whole including the statements and/or omissions in the Final Pretrial Report and the representation from Plaintiffs' counsel that the stipulation of dismissal of the minors was filed due to jurisdictional questions associated with the minors.  Certainly, Plaintiffs did not attempt to put on any evidence to show L.R.V. was domiciled in Colorado at the time the Complaint was filed notwithstanding their opportunity to do so.

[9] With respect to E.R.A., the evidence before the Court is also quite limited.  Ms. Arnswald testified that she has custody of E.R.A. and he currently resides with her in Kansas. Tr. 14-15.  No evidence shows where E.R.A. was living at the time the Complaint was filed and Ms. Arnswald's testimony suggests he may have been going to school in Oklahoma.  Tr. 15.  As a precautionary measure, the Court presumes that E.R.A, like L.R.V., is a non-diverse plaintiff.  Alternatively, assuming E.R.A. is a diverse plaintiff, the Court finds the Joint Stipulation of Dismissal is adequate to dismiss L.R.V. from this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

[10] Plaintiffs do not cite any authority to demonstrate that dismissal of the claims of only certain plaintiffs is proper under Rule 41 but argues such a rule should apply by extension based on case law addressing dismissal of all claims against any particular defendant.  *See* Pl.'s Brf. at 6.  Again,

Both parties argue that if Rule 41 is not the correct procedural mechanism by which to cure the jurisdictional defect, then Rule 21 provides the requisite authority.   But the parties wholly fail to conduct any meaningful analysis and, consequently, the briefing submissions are woefully inadequate.  Defendant merely states that "Plaintiff, or the Court itself, is certainly able to dismiss the parties pursuant to Rule 21."  Def.'s Brf. at 3.  And Plaintiffs, in wholly conclusory fashion, argue that "L.R.V. and E.R.A. are not necessary to the final adjudication of this action and therefore are dispensable parties pursuant to Fed. R. Civ. P. 19."  Pl.'s Brf. at 7.  Plaintiffs fail to conduct any factual or legal analysis to demonstrate why or how the minor children are dispensable.

This Court has found no Tenth Circuit authority approving use of Rule 41 as a means of curing a jurisdictional defect.  *Cf. Ravenswood Inv. Co. v. L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1224 (10th Cir. 2011) ("The *sole* recognized exception to the time-of-filing rule is when a court completely dismisses from the case a nondiverse party pursuant to Rule 21." (emphasis added)); *Weber v. GE Group Life Assur. Co.*, 541 F.3d 1002, 1009 n. 8 (10th Cir. 2008) (addressing time-of-filing exception to determining diversity jurisdiction pursuant to Rule 21 in context of post settlement dismissal of diversity-destroying defendants and noting that it was not clear whether district court acted on the parties' stipulation of dismissal but record nonetheless demonstrated "the unanimous will of the parties" to dismiss those defendants).   Accordingly, the Court finds Rule 21 governs the issue.

---

the case law cited by Plaintiffs does not address dismissal under Rule 41 to cure a jurisdictional defect.

District courts have discretion under Rule 21 to drop at any time a dispensable, non-diverse party to preserve diversity jurisdiction. *Lenon v. St. Paul Mercury Ins. Co*., 136 F.3d 1365, 1371 (10th Cir. 1998); *see also Ravenswood,* 651 F.3d at 1223. "That discretion is circumscribed, however, by Rule 19(b) because the court cannot proceed without indispensable parties." *Lenon*, 136 F.3d at 1371; *see also Grice v. CVR Energy, Inc*., 921 F.3d 966, 969 (10th Cir. 2019) (holding that a court may "restore complete diversity among the parties . . . if [the diversity-destroying party] is a dispensable party under Rule 19 of the Federal Rules of Civil Procedure") (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 827-29 (1989)).

The Tenth Circuit has repeatedly instructed that "'whether a party is indispensable and whether a dispensable party may be dismissed to maintain diversity – depend on [a] court's careful exercise of discretion.'" *Woods*, 833 F. App'x at 754 (quoting *Lenon*, 136 F.3d at 1369). To determine whether a party is indispensable the court must consider the following factors: (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, the shaping of relief, or other measures the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. *Lenon*, 136 F.3d at 1372-73. Ultimately, a Rule 19(b) analysis is governed by "pragmatic considerations" not "categorical rules" and based on factors "varying with the different cases, some such factors being substantive, some procedural,

some compelling by themselves, and some subject to balancing against opposing interests."
*Id*. at 1372 (quotation omitted).

Here, the procedural posture of this case is of paramount concern.  If the Court finds the minors to be indispensable and in turn, dismissal for want of subject matter jurisdiction warranted, Mindy Arnswald will have no forum within which to proceed.  Her claims would be time-barred.[11]  It appears the minors' claims are derivative and, therefore, their claims, too, would be barred.  *See Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411, n. 4 (10th Cir. 1996) (recognizing that Oklahoma courts have "consistently described a spouse's loss of consortium as a derivative interest" and stating that "[a]lthough the Oklahoma courts have not directly addressed the issue" the court "presume[s] that the children's claim is derivative as well"); *see also Segroves ex rel. Segroves v. Hartson*, 776 F. Supp. 544 (N.D. Okla. 1991) (applying Oklahoma law and stating "it is clear that a loss of [parental] consortium claim is derivative of the main claim for personal injuries").[12]  As the Tenth Circuit has instructed, the unavailability of an

---

[11] As set forth above, this action was refiled following the dismissal of a state court action and timely based on application of Okla. Stat. tit. 12, § 100.

[12] The Oklahoma Supreme Court recently indicated, in dicta, that the derivative nature of a consortium claim may be unsettled.  *See Farley v. City of Claremore*, 465 P.3d 1213, 1235 n. 118 (Okla. 2020).  Moreover, it is unclear whether the limitations bar applicable to Ms. Arnswald's claims would apply to the derivative parental consortium claims or whether the minors would be entitled to tolling of the limitations period under Okla. Stat. tit. 12, § 96 based on their status as minors.  *Compare Maes v. El Paso Orthopaedic Surgery Grp*., P.A., 385 S.W. 3d 694, 699 (Tex. App. 2012) (statute of limitations had run on injured father's claim thereby extinguishing claim for loss of parental consortium: "Because a claim for loss of parental consortium is derivative in nature and owed its existence to the injured parent's claim, it is subject to the same defenses the injured parent's action would have been subject to") *with Martin v. Staheli*, 457 P.3d 53, 62 (Ariz. App. 2019) (child's minority status tolls loss of parental consortium claim unless a defendant proactively moves for joinder of minor child).  Because both parties deem the minors to be

alternative forum is a critical factor to the indispensability determination and "would weigh heavily, if not conclusively against dismissal." *See Rishell*, 94 F.3d at 1413.  On the other hand, Plaintiffs have made tactical decisions in this case that have led to such a result. Moreover, Plaintiffs have been less than forthright about the jurisdictional facts alleged in the Complaint.

Defendant's position with respect to the jurisdictional issue is confounding.   It was the pretrial submissions of Defendant that led the Court down this path of jurisdictional inquiry.  Yet, Defendant now posits that "the Federal Rules and case law do provide for the Court to allow the dismissal of the derivative claims of the minor children in order to preserve diversity."  Def.'s Brf. at 5.  Then Defendant states the following:

> It should be noted, however, that Plaintiff was aware of the citizenship and domicile of the minor children at the time of the filing of the complaint alleging diversity jurisdiction.  Plaintiff was, in fact the only person who had the knowledge required to claim diversity jurisdiction.  *It is certainly disappointing that she would be allowed to continue her pursuit of damages against Defendant despite her less than honest attestations at the outset making this current round of investigation and briefing necessary.  It would certainly be within the discretion of the Court to impose some level of sanctions upon Plaintiff, not her counsel, for her intentional misstatements. This Defendant is not seeking such sanctions, but felt the issue should be brought to the attention of the Court*.

*Id*. (emphasis added).  If Defendant seeks neither dismissal nor sanctions, it is unclear why Defendant thought the issue should be brought to the Court's attention.  In any event, Defendant raises no argument that it will be prejudiced if this case were to proceed.

---

dispensable and neither party has conducted any analysis of the Rule 19(b) factors, the Court does not address the issue further but assumes, without deciding, that the minors' claims would be barred.

Ultimately, the Court finds, on balance, application of the Rule 19(b) factors demonstrates the minors are not indispensable.   This result is primarily compelled by the fact that no alternative forum exists (albeit due to Plaintiffs' own procedural maneuverings).   The Court reaches this conclusion with some degree of reluctance but weighing heavily upon the analysis is the fact that Defendant does not contest the Court's retention of this case, argue the indispensability of the minors, raise any procedural infirmity such as impermissible forum shopping by Plaintiffs, or identify any resulting prejudice to it.

## V.    <u>Conclusion</u>

IT IS THEREFORE ORDERED that the minors L.R.V. and E.R.A. are dispensable parties under Fed. R. Civ. P. 19(b) and are dropped from this action pursuant to Fed. R. Civ. P. 21.  The Joint Stipulation of Dismissal of Minor Plaintiffs' Only [Doc. No. 77] is STRICKEN.

IT IS FURTHER ORDERED that the Court finds diversity of citizenship exists between Plaintiff Mindy Arnswald, domiciled in Colorado at the time the Complaint was filed, and Defendant, domiciled in Oklahoma at the time the Complaint was filed.

IT IS FURTHER ORDERED that the Court's Order [Doc. No. 69] granting partial summary judgment is reinstated in favor of Plaintiff Mindy Arnswald, to the extent such action is necessary as a result of the Court's jurisdictional findings.

IT IS SO ORDERED this 17th day of June, 2021.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

17